morning's calendar and these are all sort of leftover arguments from last September when we were sort of derailed by the hurricane so appreciate your patience. Leading off 20-10977 U.S. v. Singletary. Mr. Bell you're going to bat lead off today so come on up. Good morning. My name is Robert Bell and I represent Mr. Singletary in this appeal that really presents one issue but two facets of the same issue before this court but to really to summarize this thing I don't think I might be real long here this morning but in connection with today's argument there are three things that are true I believe. Mr. Singletary was charged guilty and convicted to possessing firearms in the aid of drug trafficking offenses. He and the complaint, the indictment, the PSR, the factual resume abundantly make that that clear. He procured firearms for drug traffickers that's what he's charged with 924 C not 922 G as a prohibited person. That's definitively true. B5 of 2k 2.1 was applied to him because he engaged in the trafficking of two or more firearms in connection with events and people that he knew was unlawful. The record makes clear it was because he gave them to drug distributors people in the point that is also true is that under B6b his sentence again was enhanced for the exact same conduct for giving guns procuring guns for people involved in the drug business which was the underlying charge that he pled guilty to was convicted of. It is our contention that the enhancement under B6b was improper for two reasons and is based on this court's this court's precedent. First of all that behavior in that conduct can't be based upon the underlying offense of conviction. I don't like to read to the court but this is just cuts to the chase in Guzman unpublished opinion that was later ratified by Velasquez. This court said based upon the amendment to the commentary this court concluded in Juarez about adding the word V the sentencing commission no longer intends to exclude all explosive or firearm possession or trafficking offenses from the definition of another felony offense which is under B6b. Instead it now intends to exclude only the possession of trafficking offenses that serve as the defendant's crime of conviction. Bingo. That's what occurred here. Now the court went on to say in this case it doesn't apply because he was charged with making false statements to a federally licensed arms dealer. It was separate and distinct from the enhancement the conduct. Here the enhancement was based on the exact same conduct as the underlying offense of conviction. Now there's some debate by the government on whether error was preserved that really relates to the double counting of applying both B5 and B6b. On this they acknowledged that the error was preserved and it's clear under Guzman, under Juarez, under Velasquez that the underlying offense of conviction conduct can't be the same thing as conduct used to enhance the sentence which it was here. On the double counting the same court says we agree that Juarez did not decide the issue before us. We're not deciding where illegal smuggling of firearms constitutes another felony offense as we were in Juarez. Rather we must decide whether note 13d expressly prohibits the application of a 2k21b5 trafficking enhancement in combination with a 2k2.1b6 another felony offense enhancement when both these enhancements are based on the same trafficking offenses and the court said you can't do that. You can't do them both. Now the government says hey listen you know it was a trafficking offense and this other offense was drug distribution and drug narcotics but again this is not a 922 offense. This is a 924c offense. It's all tied together. He wasn't charged with just trafficking firearms. He wasn't charged with being a prohibited person. He was charged with trafficking firearms being possession of firearms for the sole purpose of aiding drug traffickers. Thus to enhance his sentence under both b5 and b6b is impermissible double counting as this court found in the For those reasons we think that his sentence was improper. Now even if on the double counting we go to the clear error excuse me the plain error standard. I acknowledge those are two separate complaints about the enhancements that the 6b6 was enhanced you say based on the underlying offense of conviction that's sort of point one and then point two is 6b6 enhancement double counts the b5. Yes because it involves the exact same conduct. Right so those are I guess analytically those are two separate complaints about the enhancement. Yes that's correct your honor. Now even under the plain error standard based upon on the double counting that b5 and b6b are double counting error is clear here. First of all the court's decision is at odds with this court's decision. The district court's decision is at odds with this court's decision in Guzman and thus it was plain error and obviously it obviously affected his substantive rights. He received a guideline range of a total offense level of 31 and a guideline range of 108 to 135 without the four level enhancement and b6b it would have been 70 to 87. The court expressed an interest and a desire and did so to sentence Mr. Singletary at the low end of the guideline range. It did so and so thus one is clear that that but for the application of this enhancement the court felt it was a legally right that without that his sentence would have been 70 to 87 months and potentially 70 months. So for that reason there is there is a harmful error. It did affect his substantive rights and for these reasons we ask that the decision of the the lower court be reversed. Why isn't this case like Luna where the enhancements are penalizing different offense characteristics and don't double count the same conduct? I don't think there are different characteristics. I think it's the exact same conduct and that is and it's exact same policy reasons. We don't want to do what? To put guns in the hands of narcotics distributors because we know that's dangerous. It's dangerous for the law enforcement. It's dangerous for a lot of people but it's exact same reason that both enhancements were applied. So the exact same factual background he's being enhanced by eight levels for the exact same conduct under b5 and b6 but even then we don't have to get there because again it can't be the same conduct that underscores the offense of conviction which here since he was charged in a 924 C it definitely is. That's that makes it improper. He is already being sentenced for violating 924 C. We don't need to add on to them or pile on to them because he violated 924 C. We know he violated 924 C. He admitted it. The record is replete with evidence of that but it doesn't mean his sentence should be enhanced under b6b. Okay. Thank you. Appreciate it. You've got um you've reserved some rebuttal time. I'm good. Which you may or may not use. Okay. All right. Now we'll hear from Counselor for the Government. I take it you see things differently. I think so your honor. May it please the court Ryan Niedermeier for the United States. This court should affirm Singletary's sentence because the district court properly applied a four In his reply brief Singletary forfeited any argument that his enhancement under b6 was impermissible double counting because it allegedly involved the same conduct supporting his enhancement under b5. As such the only question left for this court to answer is whether Singletary's conspiracy conviction is a So you're saying your view is I mean counsel opposite I think wisely conceded that the two complaints about the application of b6b enhancement are really distinct analytical arguments. One being you enhance based on the underlying offensive conviction and then the second being the double counting and you're saying the double counting has been forfeited so we don't even have to address it in plain error. Yes your honor. On page three of the Senate makes clear that he is making a single objection to the court sentence and that is that his co-defendants drug dealing was not another felony offense under b6b. Okay so we'll see what they what he says about that. You were just to get you back to the underlying offensive conviction. If you could if you could help me to break out what what he was convicted under counsel on the other side says 924c and explain to me why that offense is not the same offense as he's being enhanced for another felony offense. I was poorly worded but you understand what I mean. Yes your honor. With all due respect to Mr. Singletary he was not convicted under 924c. He was convicted under 924o which is a in fact if he was convicted under 924c we wouldn't even be here because he would not be subject to guidelines under 2k 2.1 he'd be subject to guidelines under 2k 2.4. As such Mr. Singletary's offensive conviction a conspiracy conviction is a distinct offense that is completely separate from the other felony offense that was used to enhance his sentence under b6 that other felony offense was his co-defendants drug dealing. And you can see that the PSR applied the same reasoning at 285 in the record. The PSR recognized that the enhancement in plot applied because Mr. Singletary transferred firearms with the knowledge or intent that they would be used in connection with his co defendants drug dealing is a distinct offense from Singletary's underlying offense which was a conspiracy to possess a firearm not possession of firearm not firearm trafficking. This enhancement is proper in the only way to take account for the full breadth of Singletary's conduct. That is he's trafficking firearms to people that were prohibited people but then also he's people he knew were going to use them in the drug trade. The full breadth of his conduct can only be can only be accounted for by applying b6b. Was there overlapping conduct between the 924 conspiracy and the other felony offense that he's being enhanced for under b6b? No your honor. Mr. Singletary what we Mr. Singletary was not a drug dealer. He was a straw purchaser for a drug ring. His own conduct did not involve drug dealing. So 924-0 means that he just entered into an agreement to with others to possess firearms in furtherance of drug trafficking. And it doesn't mean that it's a firearm trafficking conviction. As a matter of fact, Roger Jones one of the co-defendants in this case and you can see in the record at 402 did not receive an enhancement for firearm trafficking. So that right there shows that this is not a firearm trafficking offense. And while Mr. Singletary himself was not involved in the drug trade, his co-conspirators who he transferred firearms to were and he knew that they were and he knew that they he was going to give them guns to help them with their drug dealing. And that is why the b6 enhancement was improper. In sum your honor, in sum your honors, because Mr. Singletary's conviction was completely distinct from his co-defendants drug dealing, the district court properly enhanced his sentence under b6b. And I know that I've been incredibly short but if there's no other questions from the court I would gladly see the rest of my time. I noticed well so I guess I was going to ask about the Fugate decision from the Sixth Circuit that's a split decision but that's about a double counting issue isn't it? It is your honor but I'd be happy to answer any questions. I was if we got to the double counting issue for whatever reason, do we have to take sides in the dispute over how b5 and b6b interact? Judge Sutton disagrees with the other two judges about how those two things interact. Is this a case that would require us to take sides? Not at all your honor and that's because even if this court were to address the double counting issue there was no there was no overlapping conduct here. Actually you know what I'm sorry your honor let me rephrase. The guidelines allow for the counting that happened here. This court has recognized in Guzman and Velazquez that applications note 13 to b5 and application note 14 to b6 when read together explicitly allow for a defendant to be enhanced for trafficking firearms and then enhanced if he transferred one of those firearms in connection with another felony offense. Now the key is that that other felony offense can't be another firearm possession or trafficking offense and in the Sixth Circuit decision your honor the problem there was that the other felony offense was a 922 J distributing stolen firearms. It was another firearm offense. Here that's not the case. This is drug trafficking. Yes your honor exactly. So that's we wouldn't if we got into that we wouldn't have to take a position in your view on the different than every case that Mr. Singletary cites. This is not a case where the other felony offense was a firearm trafficking offense. Okay anything else? No your honor. All right we appreciate it. Thank you. Mr. Bell you have some rebuttal time if you want to step right up. I'm not sure the argument that first began that there was some up a waiver in our reply brief. The reply brief solely deals with whether error was preserved. Waiver as we all know is an intentional relinquishment of a known right. If I recall my law school days correctly I don't think we waived anything by discussing what is a proper standard of review in our reply brief. You're saying you have not forfeited you have not abandoned let's say the issue of whether there was double counting on under B6B and B5. No. We should still reach that possibly under a plain error. I agree it's a closer call on the standard of review. Okay okay I agree the and I think the government concedes that on whether it formed the basis of the same conduct as the offensive conviction the error is preserved there. And here I mean the facts really aren't in dispute so I think it would be really a de novo review of the application of the guidelines to undisputed fact scenarios. I don't think that we have waived anything and and I disagree with counsel in the attempt to distinguish these other cases and I think that that Guzman and Velasquez and Juarez are all on point and again we don't have to reach the double counting issue the court doesn't want to. You know the government seems to suggest that Mr. Singletary was not involved in drug offenses. Well I think what the government was saying was the principal argument as I understand it was Mr. Singletary was convicted under 924-0 for a conspiracy to possess a firearm in connection with drug trafficking and that that is a different offense from the other offense under B6B that he's being enhanced for. So what's your response? I disagree first of all 924-0 yes because in violation of 924-C so I mean the indictment is clear the 924-0 is the conspiracy part of 924-C and it's also important to know the guns do. There's co-defendants charging the exact same offense right. He was involved and I imagine the government's position that that this you know under the armed whatever the the enhancement provision I forget the guidelines this would constitute as a as a drug trafficking offense. It is because that's what he was charged with. Drug trafficking I'm just looking at B6B that says you get enhanced if you transfer any firearm with knowledge intend a reason to believe that it would be used if the firearm I guess would be used or possessed in connection with another felony offense. So I think what the government's saying and I may get this wrong but is that the he's he's been convicted under conspiracy to possess a firearm in connection with drug trafficking that is sort of the over arching offense and then the another felony offense I guess would be drug trafficking itself. I would not I don't think that the statute intends to parse it like that to somehow distinguish between conspiracy to do something and to actually do something. The same substantive facts are at issue and he's being punished his sentences being enhanced for the same conduct. I mean what does what is and again they need to look at application note 14 so I can understand what the what the thing means good luck another felony offense. Well no I mean I like to read the application. I understand I do too because they're there they're when I need to go to sleep and they're there they can be they can be helpful. It says another felony offense means any federal state or local offense other than the explosive or firearms possession or trafficking offense. Yes what was he charged with? Trafficking of firearms to aid drug distributors. Well we'll have to think about that. Good thank you very much your honor. Very welcome thank you both counsel. Mr. Bell I think you were CJA appointed is that correct? I am your honor. The court appreciates it thank you very much. I appreciate the opportunity to be before you today. I'm sad though today that I heard that Meatloaf died and that's not right that's bad news so yeah.